# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

vs.

CONSTANCE MATHISON,

           Defendant.

No. CR06-4030-MWB

**ORDER**

_____

The plaintiff ("Government") has filed a motion (Doc. No. 317) for a psychological or psychiatric examination of the defendant pursuant to 18 U.S.C. §§ 4241 and 4247. The Government asks that the defendant "be committed to the custody of the Attorney General" for purposes of such examination. (Doc. No. 317-2, p. 3)

The Government's motion arises from proceedings before the court on the defendant's motion to sever. At the hearing, the court admitted into evidence a letter from the defendant's treating physician indicating the defendant has numerous physical impairments that, in the doctor's opinion, would prevent the defendant from enduring the physical rigors of a standard jury trial. The physician further opined that the defendant's dependence on narcotic pain medications would "render her level of concentration and awareness, at times, to be significantly impaired," and affect her ability to assist properly in her defense. At the hearing, the parties both agreed that consideration of the defendant's competence to stand trial would be appropriate.

> The test for incompetence is also well settled. A defendant may not be put to trial unless [s]he "has sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding . . . [and] a rational as well as factual understanding of the proceedings against [her]." *Dusky v. United States*, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960 (*per curiam*) [internal quotation marks omitted].

*Cooper v. Oklahoma*, 517 U.S. 348, 354, 116 S. Ct. 1373, 1377, 134 L. Ed. 2d 498 (1996); *see* 18 U.S.C. § 4241(a). Notably, among other things, "'[a] finding of mental incompetence to stand trial may arise from . . . physical illness. . . .'" *United States v. Duhon*, 104 F. Supp. 2d 663, 671 n.27 (W.D. La. 2000) (quoting Mental Health Standard 7-4.1(c), ABA Criminal Justice Mental Health Standards RDS (1984)).

Pursuant to statute, the court must grant a motion for a hearing to determine a defendant's mental competency "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering [her] mentally incompetent to the extent that [s]he is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense." 18 U.S.C. § 4241(a). The court found such reasonable cause existed, and has ordered a hearing on December 4, 2006, to determine the defendant's mental competency. The court has directed the parties to present evidence at the hearing concerning the defendant's physical and mental competence to stand trial. The Government seeks a mental evaluation of the defendant in order to prepare for the hearing.

The decision whether or not to order a psychiatric or psychological examination of the defendant is within the court's discretion. 18 U.S.C. § 4241(b). Notice that a defendant is taking prescription drugs that could affect her ability to comprehend the trial proceedings is one relevant factor that may alert the court to a competency issue. *Watts v. Singletary*, 87 F.3d 1282, (11th Cir. 1996) (citing *Fallada v. Dugger*, 819 F.2d 1564, 1569 (11th Cir. 1987), noting defendant is entitled to competency hearing when defendant shows dosage of medications has sufficient adverse effect on defendant's ability to consult with lawyer and understand proceedings rationally). However, when the court orders an evaluation, the court is not required to subject the defendant to involuntary commitment for purposes of the evaluation. *Cf. United States v. Davis*, 93 F.3d 1286, 1290 (6th Cir. 1996) (citing *United States v. Collins*, 949 F.2d 921, 925 (7th Cir. 1991)).

In the present case, given the defendant's advanced age and numerous physical disabilities, and based on the current record, the court finds the circumstances do not warrant involuntary confinement of the defendant to a federal medical facility for purposes of a psychological evaluation. However, the defendant nevertheless must submit to an evaluation to allow the Government to prepare for the competency hearing. The Government bears the burden of showing, by a preponderance of the evidence, that the defendant is competent to stand trial. *United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (citing *United States v. Teague*, 956 F.2d 1427, 1432 n.10 (7th Cir. 1992); *United States ex rel. S.E.C. v. Billingsley*, 766 F.2d 1015, 1023-24 n.10 (7th Cir. 1985); *United States ex rel. Bilyew v. Franzen*, 686 F.2d 1238, 1244 (7th Cir. 1982)). Thus, the Government is entitled to obtain its own evaluations, both mental and physical if desired, of the defendant.

The Government's motion is **granted in part and denied in part**. Prior to the December 4, 2006, hearing, the defendant is ordered to submit herself for a mental and/or physical evaluation in Sioux City, Iowa, by medical professionals of the Government's choosing.

**The court further orders that the defendant be present in person for the competency hearing.**

**IT IS SO ORDERED.**

**DATED** this 1st day of November, 2006.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

3